IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID B. KNOTT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:21cv00526 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JIM SOKOL, *et al.*, ) | By:   Hon. Thomas T. Cullen |
| ) |          United States District Judge |
| Defendants. ) | |

Plaintiff David B. Knott, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against medical staff at the RSW Regional Jail. This matter is before the court on the motions to dismiss of Dr. Ottolini, Physician Assistant ("PA") Peter Ober, and PA Patrick Ober.[1] After reviewing the pleadings and applicable law, the court concludes that Knott has failed to state a claim against Dr. Ottolini, PA Peter Ober, and PA Patrick Ober and will grant their motions to dismiss.

I.

In his amended complaint (ECF No. 12),[2] Knott alleges that he was denied "proper" medical care. Although Dr. Ottolini, PA Peter Ober, and PA Patrick Ober are listed as

---

[1] The other defendants, Director of Nursing Sokol and Nurse Caruso-Williams, have filed a motion to dismiss (ECF No. 25) that the court will address separately.

[2] By conditional filing order, the court advised Knott that his original complaint (ECF No. 1) failed to state a claim under § 1983 against the named defendant and gave Knott the opportunity to file an amended complaint. (*See* ECF No. 11.) The court advised Knott that an amended complaint would "replace his original complaint and constitute the sole complaint in this action." (*Id.* at 2.)

defendants to the action, Knott alleges no facts against or conduct committed by them in his amended complaint.[3]

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Id.*; *see Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a

---

[3] The court notes that although it is not an operative pleading, Knott's original complaint (ECF No. 1) does not allege any facts against or conduct committed by these defendants either.

plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "liberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. Feb. 8, 2021) (quoting *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)).

### III.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995).

Knott has not alleged sufficient facts for the court to determine that defendants Dr. Ottolini, PA Peter Ober, and/or PA Patrick Ober were deliberately indifferent to any of Knott's serious medical need. In fact, Knott makes no mention of Dr. Ottolini, PA Peter Ober, or PA Patrick Ober in his amended complaint other than to name them as defendants.

In response to the defendants' motions to dismiss, Knott submits approximately 295 pages of medical records. (ECF No. 56.) While these medical records reflect that Dr. Ottolini, PA Peter Ober, and PA Patrick Ober provided Knott with medical treatment for various complaints on various occasions, without more, they do not demonstrate that any of these defendants were deliberately indifferent to any serious medical need of Knott.[4] Therefore, the court concludes that Knott has failed to state a cognizable § 1983 medical treatment claim against Dr. Ottolini, PA Peter Ober, and/or PA Patrick Ober.

**IV.**

For the reasons stated, the court will grant Dr. Ottolini, PA Peter Ober, and PA Patrick Ober's motions to dismiss Knott's amended complaint against them. The court notes that this action remains pending against Director of Nursing Sokol and Nurse Caruso-Williams.

---

[4] The court also notes that "the complaint may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief." *Marsh v. Virginia Dep't of Transp.*, No. 6:14cv6, 2014 U.S. Dist. LEXIS 167333, 2014 WL 6833927, at *8 (W.D. Va. Dec. 3, 2014) (citing other, published cases).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 2nd day of March , 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE