IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID B. KNOTT, | ) |
| Plaintiff, | ) Civil Action No. 7:21cv00526 |
| v. | ) **MEMORANDUM OPINION** |
| JIM SOKOL, *et al.*, | ) By:   Hon. Thomas T. Cullen |
| | )       United States District Judge |
| Defendants. | ) |

Plaintiff David B. Knott, a Virginia inmate[1] proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, against medical staff at the Rappahannock Shenandoah Warren Regional Jail ("RSW").[2] This matter is before the court on the motion to dismiss of defendants Director of Nursing Sokol and Nurse Caruso-Wilson.[3] Having considered the pleadings, the court concludes that Knott has failed to state a cognizable § 1983 claim against Sokol and Caruso-Wilson and will, therefore, grant their motion.

---

[1] The court notes that the defendants refer to Knott as a pretrial detainee in their brief in support of their motion to dismiss. (*See* ECF No. 26 at 1.) But there is nothing in the amended complaint that suggests that Knott is (or was) a pretrial detainee at the time of the allegations at issue in this complaint. (*See* ECF No. 12.) Regardless of whether he was a pretrial detainee or an inmate though, the court's analysis in this opinion remains the same. *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) ("[A] pretrial detainee makes out a violation [of the Fourteenth Amendment] at least where 'he shows deliberate indifference to serious medical needs' under cases interpreting the Eighth Amendment.")

[2] The court previously granted the motions to dismiss of defendants Dr. Ottolini, PA Peter Ober, and PA Patrick Ober. (*See* ECF Nos. 65 & 66.) The only remaining defendants in this action are Director of Nursing Sokol and Nurse Caruso-Wilson.

[3] In his complaint, Knott names defendant Nurse Caruso-Williams. (*See* ECF No. 1.) But the defendant has advised that her last name is actually Caruso-Wilson. (*See* ECF No. 26.) Accordingly, the Clerk will update the docket to reflect the correct spelling of the defendant's last name.

## I.

In his amended complaint (ECF No. 12),[4] Knott alleges that Director Sokol "denied [him] proper care by 'not' sending [him] to [a] proper specialist medical doctor stated [he] need[ed] to go and a HSA he supervises transports," and that Nurse Caruso-Wilson "denied [him] proper care while at RSW [] several times and dates and medication."[5] (Am. Compl. at 2 [ECF No. 12] (*sic throughout*).) Knott's amended complaint does not identify what medical condition he needed treatment for or provide any other details surrounding the alleged denials of "proper" care.

The defendants moved to dismiss the amended complaint against them. (ECF No. 25.) In response, Knott filed approximately 295 pages of medical records with dates ranging from February 2016 through March 2022.[6] (*See* ECF Nos. 56 & 56-1.) The medical records show that Knott has been treated for myriad medical concerns, including face numbness, eye spasms, stomach pain, back pain, a broken tooth, infected hairs, head pain, neck pain, chest pain, cold symptoms, a bloody nose, jaw pain, a sore throat, shoulder pain, an ear infection, arm pain, upset stomach, heart issues, mental-health issues, nasal congestion and sinus

---

[4] By conditional filing order, the court advised Knott that his original complaint (ECF No. 1) failed to state a claim under § 1983 against the named defendant and gave Knott the opportunity to file an amended complaint. (*See* ECF No. 11.) The court advised Knott that an amended complaint would "replace his original complaint and constitute the sole complaint in this action." (*Id.* at 2.) Accordingly, Knott's amended complaint is the only active complaint.

[5] Knott stated that he "will attach further proof [of his claims against Caruso-Wilson] on brief," but he filed no brief in support of his amended complaint. (*Id.*)

[6] "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief." *Marsh v. Virginia Dep't of Transp.*, No. 6:14cv6, 2014 U.S. Dist. LEXIS 167333, 2014 WL 6833927, at *8 (W.D. Va. Dec. 3, 2014) (citing other, published cases).

pressure, spine pain, skin issues, a hernia, eye pain, gall bladder issues, headaches, leg pain, and hearing issues. (*Id.*)

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Id.*; *see Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "liberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. Feb. 8, 2021) (quoting *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)).

### III.

Knott alleges that the remaining defendants denied him "proper" medical care. But he does not plausibly allege that he had a serious medical need or that these defendants were deliberately indifferent to the serious medical need, and, therefore, the court will grant the defendants' motion to dismiss.

The government is required to provide medical care for incarcerated individuals, *Estelle v. Gamble*, 429 U.S. 97, 103 (1976), but not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." *Id.* at 105. To establish a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must put forth facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. *Id.*; *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994); *Staples v. Va. Dep't of*

*Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (internal quotation marks omitted). A prison official is "deliberately indifferent" only if he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

A claim concerning a mere disagreement between an inmate and medical personnel regarding diagnosis or course of treatment typically is not actionable under the Eighth Amendment. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Harris v. Murray*, 761 F. Supp. 409, 414 (E.D. Va. 1990). In fact, "many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Jackson*, 775 F.3d at 178. An "error of judgment" on the part of prison medical staff or "inadvertent failure to provide adequate medical care," while perhaps sufficient to support an action for malpractice, does not constitute a constitutional deprivation redressable under § 1983. *Boyce v. Alizaduh*, 595 F.2d 948, 953 (4th Cir. 1979), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). Mere negligence does not constitute deliberate indifference; rather, a prison official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists and must draw the inference. *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998); *see also Farmer*, 511 U.S. at 837. The prison official's conduct must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *Militier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990).

Knott has not alleged sufficient facts for the court to determine that defendants were deliberately indifferent to a serious medical need. Knott does not identify any specific medical condition for which he was allegedly denied "proper" medical treatment. Without this information, he cannot satisfy the objective component of his deliberate indifference claim. But even if Knott had alleged an objectively serious medical condition, his allegations still fail to state a claim against either defendant because he does not allege any facts to establish that either defendant was deliberately indifferent to any such condition. The allegations in his amended complaint are far too vague and conclusory.

In response to the defendants' motions to dismiss, Knott submitted approximately 295 pages of medical records. (ECF No. 56.) While these medical records reflect that the defendants (and many others) provided and/or were involved in Knott's medical care for a wide variety of maladies on numerous occasions between 2020 and 2022, without more, they do not demonstrate that either of the defendants were deliberately indifferent to any serious medical need of Knott. Further, to the extent Knott received medical care but did not agree with the diagnoses or course of treatments he received, his allegations are insufficient to state a claim. *See Sharpe v. S.C. Dep't of Corrs.*, 621 F. App'x 732, 733 (4th Cir. 2015) (noting that "mere disagreement between an inmate and medical staff regarding the proper course of treatment provides no basis for relief" under § 1983 (citing *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975))). Accordingly, the court concludes that Knott has failed to state a cognizable § 1983 medical treatment claim against Director Sokol or Nurse Caruso-Wilson.

## IV.

For the reasons stated, the court will grant defendants Sokol and Caruso-Wilson's motion to dismiss Knott's amended complaint against them.

The Clerk shall send copies of this memorandum opinion and the accompanying order to the parties.

**ENTERED** this 17th day of March, 2023.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE